Filed 6/10/16  P. v. Peeples CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079805 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F2765) |
| v. | |
| DARIN PEEBLES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Darin Peebles has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm the judgment.

**BACKGROUND**

A felony complaint filed May 21, 2015, in case No. 15-02765 accused defendant of second degree robbery (Pen. Code, § 211; count 1)[1] and alleged that the offense was a

_____

[1] Further undesignated statutory references are to the Penal Code.

1

serious and violent felony (§§ 1192.7, subd. (c)(19), 667.5, subd. (c)(9)), and that defendant had two prior serious or violent felonies (§ 1170.12), two prior serious felonies (§ 667, subd. (a)(1)), and had a prior prison term (§ 667.5, subd. (b)).

On June 2, 2015, defendant pleaded guilty to count 1 and admitted one of the prior strike allegations, in exchange for a 10-year state prison term. The trial court dismissed the remaining strike allegations in the interest of justice. The parties stipulated to the police report as containing the factual basis for the plea.

According to the police report, as summarized in the probation report, on May 19, 2015, Shopko security attempted to detain defendant for theft. Defendant continued to try to strike the security guards with his elbows and flee the scene with the stolen property. Citizens assisted the security guards in detaining defendant. Law enforcement arrested defendant and he admitted entering the store with the intent to steal. The stolen merchandise was recovered, although it was damaged, and valued at $80.

The trial court sentenced defendant to the upper term of five years, doubled to 10 years for the strike. The court imposed a $300 restitution fine (§ 1202.4), imposed and stayed a $300 parole revocation fine (§ 1202.45), imposed a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and various other fines, fees, and assessments. The court awarded defendant 29 days of presentence custody credit.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination

2

of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
Duarte, J.

We concur:


_____/s/_____
Nicholson, Acting P. J.


_____/s/_____
Butz, J.